UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO.  7:08-cv-186

2815 GRAND REALTY CORP.,
WILTSHIRE REALTY CORP, and
JOHN PRIMSKY,                                                                        PLAINTIFFS,


v.                                                **OPINION AND ORDER**


GOOSE CREEK ENERGY, INC.,
GOOSE CREEK ENERGY HOLDINGS, INC.,
URIAH BEMENT COAL, INC.,
JOHN GROUNDS, TRACY GROUNDS,
MARK JENSEN, CHAD JENSEN, and
T SQUARED PARTNERS, LLC,                                           DEFENDANTS,

\* \* \* \* \* \* \* \* \*

     This matter is before the Court on four Motions to Dismiss filed by all eight of the Defendants (DE 17-20); a Motion for Summary Judgment (DE 16) filed by the Plaintiff; two motions to strike (DE 35 and 41); and a Motion for Leave to File a 47-page response brief filed by the Plaintiffs (DE 38).  The Court will address each motion below.

### I.    BACKGROUND.

     The Plaintiffs are minority shareholders in a corporation.  This action is largely based on their claim that the officers, directors and controlling shareholder of the corporation have been involved in self-dealing transactions and otherwise mismanaged the corporation.

     The Plaintiffs' claims and the current motions before the Court are, however,  complicated by the fact that the parties either disagree about which of two corporations the Plaintiffs hold stock in or the Plaintiffs are uncertain as to which of the two companies they hold stock in.  The Plaintiffs

either hold stock in the Defendant Goose Creek Energy, Inc. ("Goose Creek") or Goose Creek Energy Holdings, Inc. ("GC Holdings").

The Plaintiffs' claims and the current motions before the Court are also complicated by the Plaintiffs' liberal use of the collective term "Defendants" throughout their Complaint, making it difficult to determine which claims they are asserting against which of the eight Defendants.

In sorting through the pending motions, for reasons to be explained below, the Court has presumed that the Plaintiffs assert they may be stockholders in Goose Creek or GC Holdings.  The Court has also reviewed the entire Complaint and the pleadings pertaining to the pending motions to determine which claims the Plaintiffs are asserting against which Defendants and has noted its conclusion on this issue in Section  D Below.

### A.    The Plaintiffs.

In their Complaint, the Plaintiffs allege they are investors in an endeavor to mine, process and sell coal from seven mines located in eastern Kentucky. (DE 1, ¶ 13). The Plaintiffs further assert that they are shareholders of Defendants Goose Creek, GC Holdings or both.  (DE ¶ 45).

### B.    The Defendants.

There are eight Defendants in this matter: four corporate defendants and four individuals. Two of the corporate defendants are Goose Creek and GC Holdings. The Plaintiffs allege that GC Holdings is the parent company of Goose Creek control and that the two companies control and operate the seven mines at issue. (DE 1, ¶ 13).

A third corporate defendant is Uriah Bement Coal, Inc. ("UB Coal").  The Plaintiffs allege that it is the majority shareholder of Goose Creek (DE 1, ¶ 31) and GC Holdings (DE 1, ¶54).  The Plaintiffs allege that UB Coal formed Goose Creek on October 31, 2006 to raise money to buy the

mines and a coal processing facility from a company called Eastern Fuels. (DE 1, ¶ 16).

The fourth corporate defendant is T Squared Partners, LLC ("TSP"). The Plaintiffs charge that it was retained by UB Coal to manage its initial public offering. (DE 1 ¶ 31).

As to the four individual defendants, the Plaintiffs charge that the individual Defendants John and Tracy Grounds are directors or officers of Goose Creek, GC Holdings, and UB Coal. (DE 1, ¶ 6). The Plaintiffs charge that the Groundses also own a controlling share of UB Coal. (DE 1, ¶ 15).

The Plaintiffs charge that the individual Defendant Chad Jensen was a TSP employee or owner and was also an officer of UB Coal. (DE 1 ¶ 31). As to the eighth Defendant, Mark Jensen, the Plaintiffs assert that he was a TSP agent or employee. (DE 1 ¶ 31).

### C.    The Events.

The Plaintiffs assert that representatives of Goose Creek and UB Coal solicited the Plaintiffs' investment in Goose Creek. (DE 1 ¶ 17). The Plaintiffs assert that they purchased five percent of Goose Creeks' outstanding stock. (DE ¶ 18).

They further assert that the securities purchase agreement between them and Goose Creek stated that Goose Creek would issue 100,000 shares and there would be no subsequent increase in authorized shares without the unanimous approval of all shareholders or unless issuing additional shares would not dilute the ownership percentages of the current shareholders. The Plaintiffs assert they never consented to the issuance of additional stock in Goose Creek and that they have never received additional Goose Creek shares to counteract the dilutive effect on their ownership percentage of a subsequent issuance of shares. (DE ¶ 19).

The Plaintiffs assert that the security purchase agreement guaranteed them quarterly dividend payments from the company's net operating income. (DE ¶ 20).

3

The Plaintiffs assert that, after they invested in Goose Creek, Mr. Grounds and UB Coal formed a new company GC Holdings. They assert that Grounds solicited the Goose Creek shareholders to swap their Goose Creek stock for GC Holdings stock. (DE ¶ 22). The Plaintiffs assert that Goose Creek never issued stock certificates for the originally purchased shares. (DE ¶ 33). The Plaintiffs assert they never entered into any written agreement to swap their Goose Creek stock for GC Holdings stock. (DE ¶ 33). The Plaintiffs assert that the Defendant GC Holdings nevertheless issued them stock certificates. (DE ¶ 33).

The Plaintiffs also appear to assert that they were some how informed that Goose Creek required additional financing to pay off its debt to Eastern Fuels arising from its purchase of the coal mines and processing facility. (DE ¶ 23). The Plaintiffs assert that Plaintiff Primsky wrote John Grounds asking for corporate records including all board minutes and a description of the financing structure for a proposed $3.75 million loan to Goose Creek. The Court assumes that Primsky requested corporate records for Goose Creek and GC Holdings. (DE ¶ 24). The Plaintiffs assert that Goose Creek and GC Holdings failed to provide any of the requested information. (DE ¶ 24).

The Plaintiffs assert that Goose Creek reported that it obtained a $3.75 million loan, the proceeds of which were used to pay large consulting or loan origination fees and to pay off the remaining $2.5 million debt to Eastern Fuels. (DE ¶ 26).

The Plaintiffs assert that Grounds later issued a report to GC Holdings investors explaining the reasons for the company's continuing losses. The Plaintiffs assert that Grounds encouraged the GC Holdings shareholders to swap their stock for stock to be issued by UB Coal as part of its imminent initial public offering. (DE ¶ 29).

The Plaintiffs assert that they elected to retain their shares in Goose Creek. (DE ¶ 30). They

4

assert that Goose Creek later released financial statements reporting consistent monthly losses totaling $360,550. (DE ¶ 34). The Plaintiffs assert that, in response to their inquires regarding the operations of Goose Creek, John Grounds admitted that Goose Creek was being operated as a subsidiary of UB Coal and that Goose Creek did not have a separate board of directors or financial controls. (DE ¶ 37).

The Plaintiffs assert that, in April 2008, UB Coal informed investors that the coal produced by Goose Creek was selling at dramatically increased prices but that Goose Creek only reported approximately $8,000 in net operating income for that month. (DE ¶ 39).

The Plaintiffs assert that in July 2008, Grounds issued public statements on behalf of UB Coal representing that Goose Creek was generating $ 3 million of gross revenue per month and $1.5 million in profit. The Plaintiffs assert that Goose Creek reported to its investors, however, that it only had gross revenues of $2,278,134 and profits of $350,000. (DE ¶ 41).

The Plaintiffs assert that UB Coal has reported that GC Holdings owns only 67 percent of Goose Creek, rather than 100 percent. The Plaintiffs assert that, unless GC Holdings owns all of Goose Creek, their position is subject to dilution. (DE ¶ 42).

### D.    The Charges.

The Plaintiffs assert seven causes of action against some or all of the Defendants. The Court discerns the following causes of action from the Complaint.

The Plaintiffs demand to inspect the corporate records of Goose Creek and GC Holdings pursuant to KRS § 271B.16-020, a Kentucky state statute. (DE 1, ¶ ¶  44-51).

The Plaintiffs seek to assert breach of fiduciary duty claims against UB Coal and its officers and directors and against the  officers and directors of Goose Creek and GC Holdings. (DE 1 ¶ ¶  54,

55).  The Complaint also asserts breach of fiduciary duty claims against unidentified "agents of" and "conspirators" with the officers and directors of Goose Creek and GC Holdings.  However, the Complaint does not allege that any of the named Defendants are such "agents" or "conspirators."

The Complaint alleges that the individual Defendants John and Tracy Grounds are directors or officers of Goose Creek, GC Holdings, and UB Coal.  (DE 1 ¶ 6).  The Complaint also asserts that Chad Jensen is an officer or director of Goose Creek, GC Holdings, and UB Coal.  (DE 1 ¶ 9).  The Complaint does not allege that individual Defendant Mark Jensen is an officer or director of Goose Creek, GC Holdings, or UB Coal.  Nor does the Complaint assert that the corporate Defendant TSP is an officer or director of Goose Creek, GC Holdings, or UB Coal.  Accordingly, the Court finds that the Complaint seeks to assert breach of fiduciary duty claims against UB Coal, the Groundses, and Chad Jensen.

The Plaintiffs assert a breach of contract claim against Goose Creek and GC Holdings, alleging that the two corporations breached certain obligations under the securities purchase agreement.  The Plaintiffs allege that a contract exists between them and Goose Creek and GC Holdings.  They do not allege a contract exists with the other Defendants.  Accordingly, the Court finds that the Complaint seeks to assert a breach of contract claim against Goose Creek and GC Holdings but not against any other Defendant.

The Plaintiffs seek to assert a claim for breach of the duty of good faith and fair dealing (DE 1  ¶ ¶  62-65) and an unjust enrichment claim against all of the Defendants.  (DE 1 ¶ ¶ 66-70).

The Plaintiffs seek to assert a common law accounting claim against all Defendants, requesting an accounting from Goose Creek, GG Holdings, and UB Coal of all of their business dealings" and from all of the other Defendants "of all amounts received directly or indirectly from

6

. . . [Goose Creek] or GC Holdings." (DE 1, ¶ 74).

Finally, the Plaintiffs assert that the Defendants who are officers or directors of Goose Creek and GC Holdings have violated KRS 271B.8-300 and KRS 271B.8-420, Kentucky state statutes setting out the standards for corporate officers and directors. (DE 1, ¶76).  The Court finds that the Complaint attempts to assert this claim only against the Groundses and Chad Jensen, the only Defendants that the Plaintiffs allege are officers or directors of Goose Creek and GC Holdings.

## II.    MOTIONS TO DISMISS.

In various pleadings, all eight of the Defendants have moved to dismiss the claims against them.  On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true."  *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).  Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief,  in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted).  In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*. at 1965. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to  nudge his claim "across the line from conceivable to plausible." *Id*. at 1974.

A.    **Count 1 – Plaintiff's Demand for an Inspection of Corporate Records under KRS 271B.16-020.**

In Count 1 of their Complaint, the Plaintiffs assert they are "shareholders of [Goose Creek], GC Holdings, or both." They further assert that they demand to inspect certain corporate records of "[Goose Creek] and GC Holdings." (DE 1, ¶¶ 45, 47).

Goose Greek and GC Holdings move to dismiss this claim against GC Holdings. There is no dispute that GC Holdings is a Delaware Corp. (DE 1, ¶ 4). The Goose Creek Defendants assert that, because GC Holdings is a Delaware corporation, Delaware law governs inspection of its corporate records by shareholders. They further assert that, under Delaware state law, a claim for inspection and copying of corporate records cannot be joined with other claims and that the Delaware Chancery Court is the exclusive jurisdiction for such actions.

Leaving aside the issue as to whether this Court has jurisdiction over a demand to inspect the corporate records of a Delaware corporation, the Court will first address whether GC Holdings, a Delaware corporation, is governed by KRS § 271B.16-020, the Kentucky state statute that the Plaintiffs proceed under in Count 1 of their Complaint. That statute provides that a shareholder of a corporation "shall be entitled to inspect and copy, during regular business hours at the corporation's principal office" certain corporate records. KRS 271B.16-020(1).

However, the Kentucky statutes also explicitly provide that "this chapter shall not authorize this state to regulate the organization or internal affairs, *including the inspection of corporate books, records, and documents*, *of a foreign corporation* authorized to transact business in this state." KRS 271B.15-050(3) (emphasis added).

There is no dispute that GC Holdings is a foreign corporation. Further, to the extent that the parties could alter the terms of KRS 271B.15-050(3) by agreement, the forum selection clause and

8

the choice-of-law clause is contained in an agreement with Goose Creek.  There apparently is no written agreement between GC Holdings and the Plaintiffs.  Accordingly, the Court will dismiss the charge against GC Holdings asserted under KRS 271B.16-020 in Count 1 of the Complaint.

In response to the Motion to Dismiss, the Plaintiffs appear to assert that their action for an accounting under the Kentucky statutes is not asserted against GC Holdings but is instead only asserted against Goose Creek.   However, in their Complaint, the Plaintiffs clearly "demand to inspect the. . . corporate records of [Goose Creek] and GC Holdings." (DE 1, Complaint, ¶ 47).  For the reasons discussed, that claim against GC Holdings is dismissed.

**B.     Count 2 – Breach of Fiduciary Duty.**

**1)     Fiduciary Duty Claims Asserted in Complaint.**

As discussed, the Court finds that the Plaintiffs seek to assert the breach of fiduciary duty claim against UB Coal, the Groundses, and Chad Jensen.

Specifically, the Plaintiffs assert that these Defendants (the Groundses, Chad Jensen, and UB Coal) have breached their fiduciary duty to the Plaintiffs by:

1)      failing and refusing to distribute dividends to shareholders;

2)      preferring the financial interests of themselves or a company with which they are associated over the interest of the Plaintiffs, of [Goose Creek] and of GC Holdings;

3)      failing and refusing to disclose material facts concerning the operations of [Goose Creek] and GC Holdings;

4)      causing [Goose Creek] and GC Holdings to pay the obligations of the individual Defendants and of UB Coal;

5)      causing [Goose Creek] and GC Holdings to accept debt that should be borne by the individual Defendants or by UB Coal;

6)      engaging in self-dealing transactions between [Goose Creek] and GC

9

Holdings and UB Coal or the individual Defendants for the Defendants' own gain; and

7)      appropriating the corporate opportunities of [Goose Creek] and GC Holdings for the benefit of themselves or of their companies including, without limitation, UB Coal.

(DE 1, ¶ 55).

UB Coal and the alleged officers and directors move to dismiss the breach of fiduciary duty claim against them arguing that it asserts wrongs against the corporations Goose Creek and GC Holdings and, thus, is derivative.  A derivative action is brought "to enforce a corporate cause of action against officers, directors, and third parties." *Ross v. Bernard*, 396 U.S. 531, 534 (1970). A derivative action must meet certain pleading requirements, Fed. R. Civ. P. 23.1(b), and these Defendants argue that the Plaintiffs' Complaint does not meet those requirements.

### 2)      Ownership Asserted in the Complaint.

The Plaintiffs clearly allege that they are owners of Goose Creek.  They assert that, pursuant to a securities purchase agreement,  they "became the owners of a total of 5% of the outstanding stock of [Goose Creek]."  (DE 1, Complaint ¶ 18).

It is not clear in their Complaint whether the Plaintiffs also allege that they are shareholders of GC Holdings. They allege that, nearly a year after they bought Goose Creek shares, GC Holdings issued them stock certificates and that Goose Creek never issued the Plaintiffs stock certificates. (DE 1, Complaint, ¶ 33).  The Plaintiffs allege that they never swapped their Goose Creek stock for GC Holdings stock.  Instead, they allege that they "elected to remain in [Goose Creek] and retained their stock."  (DE 1, Complaint ¶ 30).

In response to the Motion to Dismiss, the Plaintiffs explicitly state that they are "shareholders of Goose Creek Energy, Inc. – a Kentucky corporation."  (DE 39 at 17).  They also state  that they

10

do not allege that they are shareholders of GC Holdings, but only of Goose Creek.  (DE 39 at 18). Further, their response indicates that they assert the breach of fiduciary duty claim only against Goose Creek. (DE 39 at 23-30)(referencing only "GCE" and never GC Holdings). Nevertheless, as already discussed, in their complaint, the Plaintiffs state they are "shareholders of [Goose Creek], GC Holdings, or both."  (DE 1, Complaint ¶ 45).

Accordingly, for purposes of this Motion to Dismiss, the Court assumes that the Plaintiffs allege that they hold stock in Goose Creek and/or Goose Creek Holdings.

### 3)   Whether Fiduciary Duty Claims are Derivative.

The issue before the Court then is whether, when the Plaintiffs assert breach of fiduciary duty claims against the officers of Goose Creek and GC Holdings and against UB Coal itself and its officers and directors,  the Plaintiffs must assert the claims derivatively on behalf of the companies they own (GC Holdings and/or Goose Creek) or whether they can assert the claims, as they have, directly on behalf of themselves.

> Analysis of the issue begins with recognition of the general precept of corporate law that a shareholder of a corporation does not have a personal or individual right of action for damages based solely on an injury to the corporation. *Twohy v. First Nat'l Bank*, 758 F.2d 1185, 1194 (7th Cir.1985); *United States v. Palmer*, 578 F.2d 144, 145-46 (5th Cir.1978). A suit for damages arising from an injury to the corporation can only be brought by the corporation itself or by a shareholder derivatively if the corporation fails to act, *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 440 n. 13 (9th Cir.1979), since only the corporation has an action for wrongs committed against it. There is, however, a well-recognized exception to this rule precluding shareholders from bringing individual actions. "[W]here the shareholder suffers an injury separate and distinct from that suffered by other shareholders," or the corporation as an entity, the shareholder may maintain an individual action in his own right. *Twohy*, 758 F.2d at 1194; *see also Empire Life Ins. Co. v. Valdak Corp.*, 468 F.2d 330, 335 (5th Cir.1972) (shareholder may bring individual action if the injury to the shareholder is peculiar to that shareholder or a specific group of shareholders). A depreciation or diminution in the value of a shareholder's corporate stock is generally not recognized, however, as the type of direct, personal injury which is necessary to sustain a direct cause of action. *Stevens v. Lowder*, 643 F.2d

1078, 1080 (5th Cir.1981); *Papilsky v. Berndt*, 466 F.2d 251, 255 (2d Cir.), cert.
denied, 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); *Kauffman v. Dreyfus
Fund, Inc.*, 434 F.2d 727, 732 (3d Cir.1970), *cert. denied*, 401 U.S. 974, 91 S.Ct.
1190, 28 L.Ed.2d 323 (1971); *Erlich v. Glasner*, 418 F.2d 226, 228 (9th Cir.1969).
. . The reasoning behind this rule is that a diminution in the value of corporate stock
resulting from some depletion of or injury to corporate assets is a direct injury only
to the corporation; it is merely an indirect or incidental injury to an individual
shareholder. *Eagle v. American Tel. & Tel. Co.*, 769 F.2d 541, 545-46 (9th Cir.1985),
*cert. denied*, --- U.S. ----, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986).

*Gaff v. Federal Deposit insurance Corp.*, 814 F.2d 311, 315 (6th Cir. 1997).

"The question whether a suit is derivative by nature or may be brought by a shareholder in

his own right is governed by the law of the state of incorporation." *Kennedy v. Venrock Associates*,

348 F.3d 584, 589-90 (7th Cir. 2003); *see also Casden v. Burns*, 306 Fed. Appx. 966, 974 (6th Cir.

2009).

Accordingly, if the Plaintiffs assert they are shareholders of GC Holdings, their claims will

be governed by Delaware law.  If, on the other hand, the Plaintiffs assert they are shareholders of

Goose Creek, their claims will be governed by Kentucky law.

In *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, the Delaware Supreme Court explicitly

addressed the law to be applied in determining whether a stockholder's claim is derivative or direct

and stated that the issue "must turn *solely* on the following questions: (1) who suffered the alleged

harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit

of any recovery or other remedy (the corporation or the stockholders, individually)?"  845 A.2d

1031, 1033 (Del. 2004).  In the first prong of the analysis, the court should ask whether the plaintiff

can prevail without showing an injury to the corporation.  *Id.* at 1036.

The parties do not discuss Kentucky law and the Court has been unable to locate any

Kentucky cases directly addressing the law to be applied in determining whether a stockholder's

claim is direct or derivative.  Nevertheless, Kentucky courts have followed Delaware courts in matters regarding derivative actions and the Court concludes Kentucky courts would also do so in this case. *See Bacigalupo v. Kohlhepp,* 240 S.W.3d 155, 157 (Ky. App. 2001)(following Delaware law regarding the requirement of continuous ownership in derivative actions and stating that "Delaware has long been a bastion for corporate law and its development" and that "this court has previously adopted Delaware case law when examining corporate statutes" such as Kentucky's derivative action statute); *Allied Ready Mix, Inc. v. Allen*, 994 S.W.2d 4 at * 8 (Ky. App. 1998)(stating as to standard of review to apply to a corporate committee's decision regarding a derivative suit after a demand has been made, "Delaware cases are the leading cases in this subject area and have been followed by other courts.  The Court finds them persuasive in the case at bar");

As to the seven acts alleged by the Plaintiffs listed above, all but the first and third allege a harm to the corporations. Any harm that the second, fourth, fifth, sixth, and seventh acts caused the Plaintiffs to suffer as shareholders in those corporations would be derived from the harm to the corporations and the corporations would receive the benefit of any remedy for those acts.

### 4)    Breach of Fiduciary Duty Claim against UB Coal as Controlling Shareholder of Goose Creek and GC Holdings.

The Plaintiffs argue, however, that they may bring a direct action, even for acts by the officers and directors that directly harmed only the corporation.  Here, the Plaintiffs rely on an Ohio state court decision *Crosby v. Beam*, 548 N.E.2d 217 (Ohio 1989). In that case, the minority shareholders in a close corporation sued the majority shareholders alleging that they improperly expended corporate funds for the majority shareholders' benefit.  *Id*. at 218.

The lower court dismissed the action as a derivative suit, finding that the alleged acts by the majority shareholders affected the corporation itself.  *Id*.  On appeal, the Supreme Court of Ohio

13

noted that, "[g]enerally, majority shareholders have a fiduciary duty to minority shareholders." *Id*.

at 220.  The court further noted that "[c]ontrol of the stock in a close corporation cannot be used to

give the majority benefits which are not shared by the minority."  *Id*. at 221.  The court noted that,

"if we require a minority shareholder in a close corporation, who alleges that the majority

shareholders breached their fiduciary duty to him, to institute an action pursuant to Civ.R. 23.1, then

any recovery would accrue to the corporation and remain under the control of the very parties who

are defendants in the litigation. Thus, a derivative remedy is not an effective remedy because the

wrongdoers would be the principal beneficiaries of the recovery."  *Id*.

> The court concluded:

> Where majority or controlling shareholders in a close corporation breach their
> heightened fiduciary duty to minority shareholders by utilizing their majority control
> of the corporation to their own advantage, without providing minority shareholders
> with an equal opportunity to benefit, such breach, absent a legitimate business
> purpose, is actionable. Where such a breach occurs, the minority shareholder is
> individually harmed. When such harm can be construed to be individual in nature,
> then a suit by a minority shareholder against the offending majority or controlling
> shareholders may proceed as a direct action.

*Id*.

One problem with the Plaintiffs' reliance on *Crosby* is that, even if they can assert a claim

for breach of fiduciary duty against the majority shareholders of a corporation for damages suffered

by the corporation, there is no allegation in the Complaint that the officers and directors of UB Coal,

of Goose Creek or of GC Holdings are also the controlling shareholders of Goose Creek or GC

Holdings.  In fact, the Plaintiffs allege that UB Coal is the entity that has "majority ownership and

control of GC Holdings and [Goose Creek]." (DE 1, Complaint ¶ 54).  Accordingly, the Plaintiffs

cannot assert a claim against the officers and directors of UB Coal, of Goose Creek or of GC

Holdings for breach of the fiduciary duty owed by majority shareholders to minority shareholders

14

since there is no allegation that those defendants are majority shareholders in Goose Creek or GC Holdings.

Plaintiffs do allege, however, that UB Coal is the majority shareholder of GC Holdings and GC Energy.  Thus, *Crosby* is relevant to that claim.  The Groundses point out, however,  that in *Bagdon v. Bridgestone/Firestone, Inc.*, the Seventh Circuit concluded that Delaware law would not follow the holding in *Crosby*. 916 F.2d 379, 383 (7th Cir. 1990).  In *Bagdon*, the minority shareholder asserted a breach of  fiduciary duty claim against the controlling shareholders, asserting that the majority shareholders "wrongly competed" with the corporation.  *Id*. at 381.

The Seventh Circuit held that this was a "standard derivative suit" because the majority shareholder's duty not to compete ran to the corporation, not directly to the minority investor. *Id* "An action in which the holder can prevail only by showing an injury or breach of duty to the corporation should be treated as a derivative action."  *Id*. (quotations and citation omitted).

The court noted that the minority shareholder could assert the breach of fiduciary claim directly to the extent that he claimed that the majority shareholder's actions resulted in a "diminution in the value of his bonuses."  *Id*.  This is because "[o]ften a single series of events give rise to both direct and derivative litigation."  *Id*  The minority shareholder could also assert a direct claim that the majority shareholder defrauded the minority shareholder personally.  *Id*.

The Seventh Circuit concluded that Delaware law "follows the venerable rule that a claim is derivative if injury is mediated through the corporation."  *Id*. at 383.  For the reasons stated above, the Court finds that Kentucky would follow Delaware law.

Thus, any claims against UB Coal based on based on the first and third actions alleged by the Plaintiffs may be asserted directly by the shareholders.  However, any claims against UB Coal based

on the second, fourth, fifth, six, and seventh acts alleged by the Plaintiffs assert a direct harm to the corporation and, thus, must be brought as shareholder derivative actions.

**5)**      **Breach of Fiduciary Duty Claim against Mark Jensen and TSP.**

The Defendants Mark Jensen and TSP argue that the breach of fiduciary duty claim against them must be dismissed because they have no fiduciary relationship with the Plaintiffs. The Court has reviewed the Complaint and does not discern a breach of fiduciary duty claim against these Defendants.  The Complaint does not ever allege that these Defendants owe a fiduciary duty to the Plaintiffs.

As to Mark Jensen, the Plaintiffs point to a copy of a page of UB Coal's website indicating that Mark Jensen is a director of UB Coal.  (DE 39 at 38).  However, there is no such allegation in the Complaint.

As to a breach of fiduciary duty claim against TSP, the Plaintiffs point to an allegation in their Complaint that UB Coal retained TSP to manage UB Coal's public offering and that TSP's agents and employees made the business decisions of UB Coal.  (DE 1, Complaint, ¶ 31).  However, the Complaint clearly pleads a fiduciary relationship only with the officers and directors of Goose Creek and GC Holdings and with UB Coal and its officers and directors by virtue of UB Coal's majority ownership of GC Holdings and Goose Creek.  There is no allegation that TSP is an officer or director of Goose Creek or GC Holdings or that it is an officer or director of UB Coal. Accordingly, the Court finds that the Plaintiffs have failed to allege a breach of fiduciary duty claim against TSP.

In their response to the motions to dismiss, the Plaintiffs state that, even if TSP was not an officer or director of one of the corporate defendants, TSP has a fiduciary duty to the Plaintiffs

because it had "de facto" control of Goose Creek.  (DE 39, Response at 41).  The Plaintiffs rely on *Primedia Inc. Derivative Litigation*, 910 A.2d 248 (Del. Ch. 2006) for the argument that an entity that "controls" a corporation has a fiduciary duty to the corporation's shareholders.  But, at best, the Complaint pleads that TSP exercised control over UB Coal. The Plaintiffs are not UB Coal shareholders.

   In *Primedia* the plaintiffs were found to have sufficiently pleaded that the defendant corporation owed a fiduciary duty to the plaintiff stockholders because the defendant was a "controlling stockholder" in a company in which the plaintiffs were minority shareholders.  *Id.* at 250, 257 (well-settled law that only a "controlling stockholder owes fiduciary duties to other stockholders.").   There is no allegation in the Complaint that TSP is a stockholder of Goose Creek or GC Holdings, the two companies that the Plaintiffs purport to own.

   The Plaintiffs also argue that TSP exercised "de facto" control over UB Coal and, thus, was a *de facto* officer of UB Coal. In addressing this argument, the Court presumes that the officers of a parent corporation can have a fiduciary duty to the minority shareholders of a subsidiary. However, Delaware law defines a *de facto* officer as "one who actually assumes possession of an office under the claim and color of an election or appointment and who is actually discharging the duties of that office, but for some legal reason lacks de jure legal title to that office." *In re Walt Disney Co. Derivative Litig.*, 906 A.2d 27, 48 (Del.2006) (footnote omitted).  There is no allegation in the complaint that TSP assumed an office under the claim and color of an election or appointment. Accordingly, the Court will dismiss the fiduciary duty claim against TSP to the extent that the Complaint asserts such a claim.

   Finally, the Plaintiffs argue that they can assert a claim against TSP for aiding and abetting

17

one of the other Defendants' breach of its fiduciary duty to the Plaintiffs. "A claim for civil conspiracy (sometimes called 'aiding and abetting') requires that three elements be alleged and ultimately established: (1) the existence of a fiduciary relationship, (2) a breach of the fiduciary's duty and (3) a knowing participation in that breach by the defendants who are not fiduciaries. *Weinberger v. Rio Grande Industries, Inc.*, 519 A.2d 116, 131 (Del. Ch. 1986).

The Complaint cannot be read to assert a claim for civil conspiracy against TSP or any other Defendant.

### 6)   Whether the Derivative Claims Meet the Derivative Action Pleading Requirements.

Accordingly, the breach of fiduciary duty claims against UB Coal, Chad Jensen, and the Groundses based on the following alleged acts are derivative:

- preferring the financial interests of themselves or a company with which they are associated over the interest of the Plaintiffs, of [Goose Creek] and of GC Holdings;

- causing [Goose Creek] and GC Holdings to pay the obligations of the individual Defendants and of UB Coal;

- causing [Goose Creek] and GC Holdings to accept debt that should be borne by the individual Defendants or by UB Coal;

- engaging in self-dealing transactions between [Goose Creek] and GC Holdings and UB Coal or the individual Defendants for the Defendants' own gain; and

- appropriating the corporate opportunities of [Goose Creek] and GC Holdings for the benefit of themselves or of their companies including, without limitation, UB Coal.

Federal Rule 23.1 sets forth certain pleading requirements for the derivative action complaint. First, the complaint must be verified. Fed. R. Civ. P. 23.1(b). Second, the Plaintiff must allege that he was a shareholder in the company at the time of the transaction complained of. Third, the Complaint must allege that the action is not a collusive one to confer jurisdiction that the court

18

would otherwise lack.  Fourth, the Complaint must state "with particularity (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B)  the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b).

The Plaintiffs' Complaint does not meet these requirements. It is not verified.  Moreover, the Plaintiffs do not clearly allege that they were shareholders of any company at the time of the transactions complained of.

As discussed, at times, the Plaintiffs appear to assert that they are uncertain of whether they own stock in Goose Creek or GC Holdings and, thus, discovery is necessary before they can make this assertion.   At other times, however, the Plaintiffs take the clear position that they own stock in Goose Creek and that GC Holdings fraudulently sent it stock certificates. *See e.g.*, DE 39, Response at 4 ("[t]he only parties claiming that the Plaintiffs are not shareholders in [Goose Creek] are the Defendants);" Response at 1 ("Defendants engaged in a 'bait and switch' and intentionally sent the Plaintiffs the incorrect stock certificates for" GC Holdings); Response at 17 ("the Plaintiffs are shareholders of Goose Creek"); Response at 18 "the Plaintiffs are shareholders of [Goose Creek]. . . and were fraudulently delivered stock certificates for the wrong company without their consent").

In their amended complaint, the Plaintiffs should clarify whether their position is that they own stock in Goose Creek or GC Holdings or whether they are too uncertain to make either assertion and, thus, are pleading ownership of both companies pending discovery.

The Complaint does not allege that the action is not collusive.  Finally, the Complaint does not allege that the Plaintiffs made a pre-suit demand or "'allege with particularity' the reasons for failing to make a pre-suit demand." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 617 (6th

19

Cir. 2008)(quoting *McCall v. Scott*, 239 F.3d 808, 815 (6th Cir.2001)).

Accordingly, the Court will dismiss without prejudice the Plaintiffs' breach of fiduciary duty claims that are based on the above-described acts. The Plaintiffs may file an amended complaint reasserting the claims in accordance with the Federal Rules of Civil Procedure including Rule 23.1.

### C.   Count 3 – Breach of Contract.

In their Complaint, the Plaintiffs allege that, "[b]y virtue of the securities purchase agreements entered into between the Plaintiffs and the Defendants [Goose Creek] and GC Holdings an enforceable contract . . . exists between the Plaintiffs and [Goose Creek] and its successor, GC Holdings." (DE 1, ¶ 58). Nevertheless, no defendant other than Goose Creek is a party to the securities purchase agreement. In their response to the Motion to Dismiss, the Plaintiffs concede that "only [Goose Creek] can be liable for breach of contract." They further deny that they have asserted a breach of contract claim against GC Holdings or any other Defendant. (DE 39 at 31 n.24).

Accordingly, the Court will GRANT GC Holdings' Motion to Dismiss the breach of contract claim against it.

### D.   Count 4 – Breach of Covenant of Good Faith and Fair Dealing.

The Plaintiffs appear to assert a claim for breach of the covenant of good faith and fair dealing against all of the Defendants. (DE 1, ¶¶ 62-65). The Defendants assert that the claim must be dismissed against all Defendants who are not a party to the securities purchase agreement. This is clear and, thus, the claim will be dismissed against all Defendants other than Goose Creek.

Goose Creek asserts that the claim should also be dismissed against it. However, under Kentucky law, every contract contains an implied covenant of good faith and fair dealing which imposes on parties a duty to do everything necessary to carry them out. *See, e.g., de Jong v.*

20

*Leitchfield Deposit Bank*, 254 S.W.3d 817, 823 (Ky. App. 2007).  The Court has no basis at this point for dismissing this claim against Goose Creek.

####  E.  Count 5 – Unjust Enrichment.

The Plaintiffs also appear to assert an unjust enrichment claim against all of the Defendants. They allege that the "Defendants have received sums of money by reason of the self-dealing transactions between UB Coal and [Goose Creek] or between UB Coal and GC Holdings that should have been paid to the Plaintiffs as dividends . . ."  (DE 1, Complaint ¶ 67).

Goose Creek and GC Holdings assert that an unjust enrichment claim is not viable where there is an express contract.  This argument would clearly only apply to the unjust enrichment claim against Goose Creek since it is the only entity that entered into an express contract with the Plaintiff. However, the Plaintiffs point out that Goose Creek has filed a counterclaim seeking to rescind the securities purchase agreement. Because there is a possibility that the sole express agreement at issue will be rendered void, the Court will not dismiss the unjust enrichment claim against Goose Creek.

The Jensens and TSP assert that the claim against them for unjust enrichment must be dismissed because the Plaintiffs do not allege a benefit that the Plaintiffs conferred upon these Defendants that these Defendants inequitably retained.  *United States v. Stevens*, 605 F.Supp.2d 863, 869-70 (W.D. Ky. 2008).

The Plaintiffs assert that this claim against the Jensens and TSP meets the minimum notice requirements of Federal Rule of Civil Procedure 8.  Specifically, they point to their allegation that "[t]he Defendants" received money as a result of the self-dealing transactions between UB Coal and GC Holdings and/or Goose Creek that should have been paid to the Plaintiffs as dividends.  (DE 1, Complaint ¶ 67).  However, the next allegation in the Complaint makes clear that Plaintiffs assert

21

that the benefit they conferred upon the "Defendants" was "their investment in [Goose Creek] or GC Holdings."  (DE 1, Complaint ¶ 68).

Accordingly, the Plaintiffs clearly allege that they conferred money upon the Defendants Goose Creek or GC Holdings.  But, there is no similar allegation with regard to the Jensens or TSP. Accordingly, the Court will dismiss the unjust enrichment claim against the Jensens and TSP without prejudice to the Plaintiffs' ability to reassert the claims in an amended complaint.

**F.**     **Count 6 – Common Law Accounting.**

In their Complaint the Plaintiffs assert they are entitled to a "specific accounting of all the business conducted by [Goose Creek], GC Holdings and UB Coal, as well as an accounting of all payments, profits or other forms of compensation received by the Defendants or any company in which the Defendants owned an interest."

This claim will be dismissed against the Defendant TSP and Mark Jensen because the Plaintiffs have not sufficiently alleged a fiduciary relationship.  As to the other Defendants, "[i]n light of the broad discovery available to litigants, accounting actions are of dubious utility."  *Digital 2000, Inc. v. Bear Communications, Inc.*, 130 Fed. Appx. 12, 23 (6th Cir. 2005).  The Court will not dismiss the action at this point.  It may well be dismissed as moot, however, after discovery is conducted by the parties.

**H.**     **Count 7 – Statutory Violations by Officers and Directors.**

The Plaintiffs also assert a claim against the "officers or directors of [Goose Creek] or GC Holdings" for violation of two Kentucky state statutes establishing the standard of conduct for corporate officers and directors:  KRS §§  271B.8-300; 271B.8-420.  (Complaint ¶ 76).  The Plaintiffs argue that these claims are derivative claims.

It appears that these statutory claims are based on the same acts alleged by the Plaintiffs with regard to the breach of fiduciary duty claim. Accordingly, again, the Plaintiffs' statutory claims against the officers and directors of Goose Creek and GC Holdings that are based on the second, fourth, fifth, sixth, and seventh acts alleged by the Plaintiffs are derivative and must meet the requirements of Federal Rule 23.1. The Plaintiffs' statutory claims against the officers and directors of Goose Creek and GC Holdings based on the first and third acts alleged by the Plaintiffs may be brought directly.

### III.      MOTION FOR SUMMARY JUDGMENT.

The Plaintiffs move for partial summary judgment on their claim against Goose Creek and GC Holdings for an inspection of corporate records under KRS 271B.16-020.

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Court has dismissed the Plaintiffs' claim under KRS 271B.16-020 against GC Holdings because it is a Delaware corporation. Accordingly, the Motion for Summary Judgment on the Plaintiffs' claim for an inspection of GC Holdings' corporate records under KRS 271B.16-020 will be denied.

As to the claim under KRS 271B.16-020 against Goose Creek, in response to the Motion for Summary Judgment, the Defendants assert that the Plaintiffs are GC Holding shareholders, not Goose Creek shareholders. As for the Plaintiffs' position, as discussed above, it is not clear if they assert they are owners of Goose Creek or if they concede that they may instead be the owners of GC

Holdings.   See DE 16 at 13 (stating "the Plaintiffs *are* stockholders of [Goose Creek], [GC Holdings], or both); DE 16 at 18 ("the Plaintiffs remain uncertain whether they own an interest in [Goose Creek, GG Holdings] or both").

Given that there is a disagreement between the parties and uncertainty on behalf of the Plaintiffs themselves on the very material fact of whether the Plaintiffs are shareholders of Goose Creek, the Motion for Summary Judgment on the Plaintiffs' right to inspect Goose Creek's records is premature and will be denied.

In their motion, the Plaintiffs also seek expedited discovery, stating that "meaningful pleading" requires answers to basic questions that the Plaintiffs have sought in certain interrogatories and requests for production of documents.  The interrogatories proposed by the Plaintiffs ask Goose Creek or GC Holdings to produce extensive information.  For example, the interrogatories submitted to Goose Creek ask for such information as the identification of every mine and coal processing facility it owns in Floyd County, the amount of coal mined, the amount of coal sold, and the purchase price; the identification of every coal sales agreement to which Goose Creek is a party and the identification of certain terms of each such agreement; and the amounts paid to every coal miner and coal contractor who has performed services on behalf of Goose Creek.

Plaintiffs have not asserted any reason that such extensive information is necessary on an expedited basis in this case.  There is no claim that the evidence will be destroyed.  There is no request for preliminary relief in this action.  There is no challenge to this Court's jurisdiction that must be resolved through discovery.

Accordingly, the Plaintiffs' motion for expedited discovery will be denied.

**IV.    CONCLUSION.**

For these reasons, the Court hereby ORDERS as follows:

1) The Defendants' Motions to Dismiss (DE 17, 18, 19, 20) are GRANTED in part and DENIED in part as follows:

    a) The Motion to Dismiss the Plaintiffs' claim against GC Holdings under KRS 271B.216-020 is GRANTED and that claim against GC Holdings is dismissed;

    b) The Motion to Dismiss the breach of fiduciary duty claims against UB COAL, the Groundses, and Chad Jensen based upon the following acts is GRANTED:

- preferring the financial interests of themselves or a company with which they are associated over the interest of the Plaintiffs, of [Goose Creek] and of GC Holdings;

- causing [Goose Creek] and GC Holdings to pay the obligations of the individual Defendants and of UB Coal;

- causing [Goose Creek] and GC Holdings to accept debt that should be borne by the individual Defendants or by UB Coal;

- engaging in self-dealing transactions between [Goose Creek] and GC Holdings and UB Coal or the individual Defendants for the Defendants' own gain; and

- appropriating the corporate opportunities of [Goose Creek] and GC Holdings for the benefit of themselves or of their companies including, without limitation, UB Coal.

The breach of fiduciary duty claims against UB Coal, the Groundses, and Chad Jensen based upon these acts are derivative and, thus, are DISMISSED without prejudice to the Plaintiffs' ability to reassert them in an amended complaint in compliance with the Federal Rules of Civil Procedure including Rule 23.1.

    c) The Motion to Dismiss the Plaintiffs' breach of fiduciary duty claims against UB COAL, the Groundses, and Chad Jensen based upon the following acts is DENIED:

- failing and refusing to distribute dividends to shareholders;

- failing and refusing to disclose material facts concerning the operations of Goose Creek and GC Holdings.

d) The Motion to Dismiss the Plaintiffs' breach of fiduciary duty claim against TSP and Mark Jensen are GRANTED to the extent the Complaint seeks to assert those claims and those claims are hereby dismissed without prejudice;

e) The Motion to Dismiss the Plaintiffs' breach of contract claim against the Defendant GC Holding is GRANTED and that claim is hereby DISMISSED;

f) The Motion to Dismiss the Plaintiffs' claim for breach of the duty of good faith and fair dealing against the Defendants GC Holdings, UB Coal, the Groundses, the Jensens, and TSP is GRANTED and that claim is hereby DISMISSED as to all Defendants except Goose Creek

g) The Motion to Dismiss the Plaintiffs' claim for unjust enrichment against Goose Creek and GC Holdings is DENIED;

h) The Motion to Dismiss the Plaintiffs' claim for unjust enrichment against the Jensens and TSP is GRANTED and that claim is DISMISSED without prejudice;

i) The Motion to Dismiss the Common Law Accounting claim is GRANTED as to the defendants TSP and Mark Jensen and that claim is hereby DISMISSED against TSP and Mark Jensen;

j) The Motion to Dismiss the common law accounting claim is DENIED as to all other Defendants;

k) The Motion to Dismiss the claims under KRS 271B.8-300 and 271B.8-420 against the Groundses and Chad Jensen based upon the following acts is GRANTED:

26

- preferring the financial interests of themselves or a company with which they are associated over the interest of the Plaintiffs, of [Goose Creek] and of GC Holdings;

- causing [Goose Creek] and GC Holdings to pay the obligations of the individual Defendants and of UB Coal;

- causing [Goose Creek] and GC Holdings to accept debt that should be borne by the individual Defendants or by UB Coal;

- engaging in self-dealing transactions between [Goose Creek] and GC Holdings and UB Coal or the individual Defendants for the Defendants' own gain; and

- appropriating the corporate opportunities of [Goose Creek] and GC Holdings for the benefit of themselves or of their companies including, without limitation, UB Coal.

The claims under 271B.8-300 and 271B.8-420 based upon these acts are derivative and, thus, are DISMISSED without prejudice to the Plaintiffs' ability to reassert them in an amended complaint in compliance with the Federal Rules of Civil Procedure including Rule 23.1.

l) The Motion to Dismiss the claims under KRS 271B.8-300 and 271B.8-420 against the Groundses and Chad Jensen based upon the following acts is DENIED:

- failing and refusing to distribute dividends to shareholders;

- failing and refusing to disclose material facts concerning the operations of Goose Creek and GC Holdings.

2) The Plaintiffs' Motion for Summary Judgment and Motion for Expedited Discovery are (DE 16) DENIED;

3) The Motion to Strike or, in the Alternative, Request for Leave to File Surreply (DE 35) filed by the Defendants Goose Creek and GC Holdings is DENIED as moot, the Court having denied the Plaintiffs' Motion for Summary Judgment and Motion for Expedited Discovery;

27

4)      The Plaintiffs' Motion for Leave to Exceed Page Limitations for Consolidated Response to Defendants' Four Motions to Dismiss (DE 38) is GRANTED;

5)      Goose Creek and GC Holdings' Motion to Strike (DE 41) Exhibits 1,2, 3 & 5 of the Plaintiffs' consolidated response to the Motions to Dismiss is DENIED as moot, the Court not having relied on any of the exhibits at issue in resolving the Motions to Dismiss.

Dated this 14th day of September, 2009.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**