UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

2815 GRAND REALTY CORP, WILTSHIRE
REALTY CORP, AND JOHN PRIMSKY,

PLAINTIFFS,

V.                                                                      CIVIL ACTION NO. 07:08-CV-186-KKC

GOOSE CREEK ENERGY, INC. AND
GOOSE CREEK ENERGY HOLDINGS,
INC., ET AL.

DEFENDANTS.

## ANSWER

Defendants/Counterclaimants, Goose Creek Energy, Inc. ("GCE"), Goose Creek Energy

Holdings, Inc. ("GCH"), Uriah Bement Coal, Inc. ("UB Coal"), John Grounds, and Tracy

Grounds (collectively "Defendants"), by counsel, state as follows for their Answer to Plaintiffs'

Complaint.

1.       Defendants admit that GRC and WRC purchased stock in GCE and now hold 3% of the

outstanding shares of GCH, subject to the rescission counterclaim.  As to the remaining

allegations in paragraph 1, Defendants are without sufficient information or knowledge to form a

belief as to the truth of the allegations and therefore deny the same.

2.       Defendants admit that Primsky purchased stock in GCE and now holds 2% of the

outstanding shares of GCH, subject to the rescission counterclaim.  As to the remaining

allegations in paragraph 2, Defendants are without sufficient information or knowledge to form a

belief as to the truth of the allegations and therefore deny the same.

3.     Defendants admit the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.     Defendants admit that GCH is a corporation organized under the laws of Delaware and authorized to conduct business in Kentucky, but deny that it is in bad standing.  Defendants further admit that GCH's principal offices are located at 667 Goose Creek Road, Eastern, Kentucky 41622.

5.     Defendants admit that UB Coal is a corporation organized under the laws of the state of Nevada but deny that its principal offices are located in Geneva, Illinois.

6.     Defendants admit that John and Tracy Grounds are directors or officers of GCE, GCH, and UB Coal, but deny that they are citizens of Illinois.

7.     Because defendant TSP is no longer a party to this lawsuit, no response is required regarding the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.     Because defendant Mark Jensen is no longer a party to this lawsuit, no response is required regarding the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.     Defendants deny the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendants admit the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.     Defendants admit personal jurisdiction over the current defendants.

12.     Defendants admit the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendants admit that Plaintiffs are investors in coal operations.  Defendants deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendants admit the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendants admit they approached Primsky for purposes of soliciting his investment. Defendants deny they approached the other Plaintiffs.  Defendants admit that GCE is in the business of coal production.  Defendants admit that GCE sought to maximize shareholder income.  The chart included in paragraph 17 of Plaintiffs' Complaint contains forward-looking statements which speaks for itself and does not constitute a promise or representation of any kind.  Defendants deny any allegations inconsistent with those terms.

18.     Defendants admit that Plaintiffs hold 5% of the current outstanding stock of GCH. Defendants admit that the purchase price for a 1% stake in GCE was $50,000 and further admit that, for a short time, the purchase price of a 1% stake was $25,000.

19.     Defendants refer to the Securities Purchased Agreement referenced in these paragraphs for their terms and state that the Agreement speaks for itself.  Defendants deny any allegations inconsistent with those terms, and otherwise deny the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Defendants refer to the Securities Purchased Agreement referenced in these paragraphs for their terms and state that the Agreement speaks for itself.  Defendants deny any allegations inconsistent with those terms, and otherwise deny the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Given the failure of the allegations of paragraph 21 to identify with any specificity what representations were made in solicitation documents, Defendants deny the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Defendants admit the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Defendants deny that it provided scant information to shareholders.  Defendants admit that Primsky wrote Grounds on May 15, 2007.  The letter speaks for itself and Defendants deny any allegations inconsistent with those terms.  Defendants admit that the requested documents were not produced.  Defendants admit that Grounds informed Primsky of the identity of the directors of GCH.

25.     Defendants admit the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of Plaintiffs' Complaint in so far as GCE did close a loan in that amount on that date.  Defendants deny that there were large consulting or origination fees involved with the loan.

27.     Defendants admit the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendants admit that Grounds issued a report to all GCH investors on July 26, 2007. Defendants admit that Grounds encouraged each GCH investor to swap shares for UB Coal shares.  Defendants admit that Grounds provided each shareholder with the option to retain their stock in GCH.

30.     Defendants admit that Plaintiffs were the only shareholders that elected to remain in GCH  and retain their stock.

31.     Defendants deny that TSP was retained to manage the public offering of UB Coal. Defendants further deny that Chad Jensen was an employee of TSP.  Defendants deny that the business decisions of UB Coal were made jointly by Grounds and TSP's agents.  Defendants deny that Chad Jensen was an officer of UB Coal, but admit that at one point the company intended to establish him as such.

32.     Defendants admit the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendants admit the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendants admit the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendants admit that Plaintiffs contacted GCE in early 2008.  Defendants admit that GCE management promised to provide audited financial statements, but denies that GCE management promised that dividend distributions would begin in February 2008.  Any statement made by the Defendants regarding dividend distributions were forward looking statements and did not constitute a promise or representation of any kind.

36.     Defendants admit that GCE did not distribute dividends in February 2008.  Defendants admit that GCE provided unaudited financial information showing approximately $3,000 in net income.  As to the remaining allegations in paragraph 36, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny the same.

37.     Defendants admit that GCE was a subsidiary of UB Coal.  Defendants deny that UB Coal was performing an audit.  Defendants deny that GCE was not being operated to benefit its shareholders.  As to the remaining allegations in paragraph 37, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny the same.

38.     Defendants admit that as of April 28, 2008 GCE operated one mine facility.  Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.  Any statement made by the Defendants regarding dividend distributions were forward looking statements and did not constitute a promise or representation of any kind.

39.     Defendants admit that the top graded quality of coal was selling for prices alleged by Plaintiffs for a short time.  Defendants admit that GCE reported approximately $8,000 in net operating income in April 2008.  The unaudited financial statements provided by UB Coal speak for themselves.  Defendants deny any allegations inconsistent with those terms.  Defendants admit that UB Coal's contemplated public offering prevented the directors from providing direct responses to shareholder inquiries.

40.     Defendants admit that it never produced audited financial statements for UB Coal.

41.     Defendants state that Grounds' written public statements in July 2008 speak for themselves.  Defendants deny any allegations inconsistent with those terms.

42.     Defendants deny that it refused to produce information concerning the terms of the loan from UB Coal.  Defendants deny that it reported it was obligated to repay the loan prior to declaring dividends.  Defendants deny that it reported that it was obligated to produce audited

financial statements, or any substitute documents as a condition of the loan. Defendants deny that GCE paid brokerage fees to UB Coal or any other subsidiary. Defendants further state that GCH owns 100% of GCE. However, the lender has a right to purchase up to 33% of GCE, thus Defendants' representation that GCH owns 67% of GCE is a fair representation. Defendants deny that it reported that there are revenue sharing agreements or synthetic leases with UB Coal.

43.    The allegations contained in paragraph 43 of Plaintiff's Complaint are legal conclusions and as such, Defendants are not required to respond. Defendants deny any further allegations contained in paragraph 43.

44.    Defendants incorporate its responses to the previous allegations in response to paragraph 44 of Plaintiffs' Complaint.

45.    Because the allegations in paragraphs 45-51 have been dismissed against defendant GCH, no response is required.

46.    Defendant GCE denies the allegations in paragraph 45 of Plaintiffs' Complaint in so much as Plaintiffs' are shareholders of GCH.

47.    Defendant GCE admits the allegations in paragraph 46 of Plaintiffs' Complaint.

48.    Defendant GCE denies the allegations in paragraph 47 of Plaintiffs' Complaint.

49.    Defendant GCE denies the allegations in paragraph 48 of Plaintiffs' Complaint.

50.    Defendant GCE is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of Plaintiffs' Complaint, and therefore denies the same.

51.     The allegations contained in paragraphs 50-51 of Plaintiff's Complaint are legal conclusions and as such, Defendants are not required to respond.  Defendants deny any further allegations contained in paragraph 50-51.

52.     Defendants incorporate its responses to the previous allegations in response to paragraph 52 of Plaintiffs' Complaint.

53.     To the extent Plaintiffs' allegations in paragraphs 53-56 survived Defendants' motion to dismiss, they are denied.

54.     Defendants incorporate its responses to the previous allegations in response to paragraph 57 of Plaintiffs' Complaint.

55.      Because the allegations in paragraphs 58-61 have been dismissed against defendant GCH, no response is required.

56.     The remaining Defendants refer to the Securities Purchased Agreement referenced for their terms and state that the Agreement speaks for itself.  Defendants deny any allegations inconsistent with those terms, and otherwise deny the allegations contained in paragraph 58 of Plaintiffs' Complaint.

57.     The remaining Defendants refer to the Securities Purchased Agreement referenced for their terms and state that the Agreement speaks for itself.  Defendants deny any allegations inconsistent with those terms, and otherwise deny the allegations contained in paragraph 59 of Plaintiffs' Complaint.

58.     The allegations contained in paragraphs 60-61 of Plaintiff's Complaint are legal conclusions and as such, Defendants are not required to respond.  Defendants deny any further allegations contained in paragraph 60-61.

59.     Defendants incorporate its responses to the previous allegations in response to paragraph 62 of Plaintiffs' Complaint.

60.     Because the allegations in paragraphs 63-65 have been dismissed against defendant GCH, no response is required.

61.     The allegations contained in paragraph 63-65 of Plaintiffs' Complaint are legal conclusions and as such, Defendants are not required to respond.  Defendants deny any further allegations contained in paragraph 63-65.

62.     Defendants incorporate its responses to the previous allegations in response to paragraph 66 of Plaintiffs' Complaint.

63.     Because the allegations in paragraphs 67-70 have been dismissed against defendants TSP, LLC and Mark and Chad Jensen, no response is required.

64.     The allegations contained in paragraph 67-70 of Plaintiffs' Complaint are legal conclusions and as such, Defendants are not required to respond.  Defendants deny any further allegations contained in paragraph 67-70.

65.     Defendants incorporate its responses to the previous allegations in response to paragraph 71 of Plaintiffs' Complaint.

66.     Because the allegations in paragraphs 72-74 have been dismissed against defendants TSP, LLC and Mark Jensen, no response is required.

67.     Defendants have provided accounting records since the filing of Plaintiffs' Complaint. To the extent the allegations in paragraphs 72-74 state differently, defendants deny the allegations in paragraphs 72-74.

68.     Defendants incorporate its responses to the previous allegations in response to paragraph 75 of Plaintiffs' Complaint.

69.     To the extent Plaintiffs' allegations in paragraphs 76-79 survived Defendants' motion to dismiss, they are denied.

## SECOND DEFENSE

70.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, accord and satisfaction, and/or payment.

## THIRD DEFENSE

71.     Plaintiffs claims are barred, in whole or in part, because Plaintiffs were unaccredited investors who procured their investments by fraud.

## FOURTH DEFENSE

72.     Plaintiffs' Complaint fails to state a claim against Defendants upon which punitive damages may be awarded.  Plaintiffs have failed to allege conduct sufficient to justify the imposition of punitive damages against Defendants.  Moreover, Plaintiffs' claim for punitive damages is barred to the extent imposition of such damages may violate applicable provisions of

the United States Constitution, including but not limited to provisions under the Due Process clause, Equal Protection, and protection against excessive penalties and fines.

## FIFTH DEFENSE

73.     Defendants reserve the right to assert any additional defenses available to them or that may become available to them as the discovery proceeds in this action.

WHEREFORE, Defendants demand the following relief:

1.      Plaintiff's Complaint be dismissed, in its entirety, with prejudice;

2.      Recovery of Defendants' costs and expenses incurred herein, including, but not limited to, attorneys fees;

3.      Any and all other relief to which Defendants are entitled.

/s/ *O. Scott Barber*
Clark C. Johnson
Oliver H. (Scott) Barber, III
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400
COUNSEL FOR DEFENDANTS GOOSE
CREEK ENERGY, INC, GOOSE CREEK
ENERGY HOLDINGS, INC., UB COAL, JOHN
GROUNDS, AND TRACY GROUNDS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of March, 2010, a true and correct copy of the foregoing was served by e-mail and first class mail upon:

Mason L. Miller
Alex Scutchfiled
Seth J. Johnston
Miller & Wells, PLLC
300 East Main Street, Suite 360
Lexington, KY 40507


/s/ *O. Scott Barber*
Oliver H. (Scott) Barber, III