UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:08-cv-186

2815 GRAND REALTY CORP.,
WILTSHIRE REALTY CORP, and
JOHN PRIMSKY, PLAINTIFFS,

v. **OPINION AND ORDER**

GOOSE CREEK ENERGY, INC.,
GOOSE CREEK ENERGY HOLDINGS, INC.,
URIAH BEMENT COAL, INC.,
JOHN GROUNDS, TRACY GROUNDS,
MARK JENSEN, and CHAD JENSEN. DEFENDANTS,

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion for Leave to File First Amended Complaint (DE 58). For the following reasons, the Court will grant the motion in part and deny it in part.

### I. BACKGROUND.

The Plaintiffs allege that they are minority shareholders in a corporation. The Plaintiffs allege that the corporation in which they invested – Defendant Goose Creek Energy, Inc. ("GCE") – was to mine, process and sell coal from seven mines located in eastern Kentucky. (DE 58, Ex.1, Amended Complaint ¶ 13). This action is largely based on their claim that the officers, directors and controlling shareholder of GCE have been involved in self-dealing transactions and otherwise mismanaged the corporation.

There are now seven Defendants in this matter: three corporate defendants and four individuals.

Two of the corporate defendants are CGE and Goose Creek Energy Holdings, Inc. ("GC

Holdings"). The Plaintiffs allege that GC Holdings is the parent company of GCE and that the two companies control and operate the seven mines at issue. (DE 58, Ex.1, Amended Complaint ¶ 13). The Plaintiffs further allege that, while they purchased stock in GCE, they never received GCE stock certificates and instead received stock certificates from GC Holdings (DE 58, Ex.1, Amended Complaint ¶¶ 18, 35).

A third corporate defendant is UB Coal which the Plaintiffs allege is the controlling owner of GCE and GC Holdings. (DE 58, Ex.1, Amended Complaint ¶ 28).

As to the four individual defendants, the Plaintiffs charge that the individual Defendants John and Tracy Grounds are directors or officers of Goose Creek, GC Holdings, and UB Coal. (DE 58, Ex.1, Amended Complaint ¶ 6). The Plaintiffs charge that the Groundses also own a controlling share of UB Coal. (DE 58, Ex.1, Amended Complaint ¶ 15).

The Plaintiffs charge that the individual Defendant Chad Jensen is an officer or director of UB Coal. (DE 58, Ex.1, Amended Complaint ¶ 8). The final Defendant named in the Amended Complaint is Mark Jensen. The Plaintiffs assert that he was an agent or employee of a company called T Squared Partners, LLC ("TSP"). (DE 58, Ex.1, Amended Complaint ¶ 32). While the Plaintiffs named TSP as a defendant in their original Complaint, they assert no claims against TSP in the Amended Complaint.

    **A.**    **Claims Made in the Original Complaint.**

In their original Complaint, the Plaintiffs asserted seven claims against some or all of the Defendants. In its opinion on the motions to dismiss, this Court noted that the Plaintiffs' claims asserted in their original complaint were complicated by two factors. First, the parties either disagreed about which of two corporations the Plaintiffs hold stock in or the Plaintiffs were uncertain

as to which of the two companies they hold stock in. The Court discerned that the Plaintiffs alleged that they either hold stock in the Defendant GCE or GC Holdings. The second complication in the Plaintiffs' original complaint was the Plaintiffs' liberal use of the collective term "Defendants" throughout their Complaint, making it difficult to determine which claims they were asserting against which of the Defendants.

Nevertheless, the Court discerned that the Plaintiffs asserted the following claims:

1) A demand to inspect the corporate records of GCE and GC Holdings pursuant to KRS § 271B.16-020, a Kentucky state statute (DE 1, ¶¶ 44-51);

2) Breach of fiduciary duty claims against UB Coal, the Groundses, and Chad Jensen (DE 1 ¶¶ 6, 9, 54, 55);

3) Breach of contract claims against Goose Creek and GC Holdings;

4) A claim for breach of the duty of good faith and fair dealing (DE 1 ¶¶ 62-65) against all of the Defendants;

5) An unjust enrichment claim against all of the Defendants (DE 1 ¶¶ 66-70);

6) A common law accounting claim against all of the Defendants (DE 1, ¶ 74); and

7) A claim that the Groundses and Chad Jensen violated KRS § 271B.8-300 and KRS § 271B.8-420 – Kentucky state statutes setting out the standards for corporate officers and directors. (DE 1, ¶76).

**B.  Opinion on Motions to Dismiss.**

All of the Defendants moved to dismiss the claims against them. The Court dismissed the following five claims:

1) the demand to inspect corporate records asserted under KRS 271B.16-020 against

GC Holdings ;

2) the breach of contract claim against GC Holdings;

3) the claim for breach of the covenant of good faith and fair dealing against all Defendants except Goose Creek;

4) the unjust enrichment claim against the Jensens and former Defendant TSP; and

5) the common law accounting claim against former Defendant TSP and Mark Jensen.

As to the breach of fiduciary claims against UB Coal, the Groundses, and Chad Jensen and the claims that the Groundses and Chad Jensen violated the Kentucky state statutes setting out the standards of conduct for corporate officers and directors, the Court dismissed certain portions of those claims but allowed other portions of these claims.

The Court dismissed these claims based upon the following acts, finding that such claims were derivative and, thus, were required to be brought under Rule 23.1:

- preferring the financial interests of themselves or a company with which they are associated over the interest of the Plaintiffs, of GCE and of GC Holdings;

- causing GCE and GC Holdings to pay the obligations of the individual Defendants and of UB Coal;

- causing GCE and GC Holdings to accept debt that should be borne by the individual Defendants or by UB Coal;

- engaging in self-dealing transactions between GCE and GC Holdings and UB Coal or the individual Defendants for the Defendants' own gain; and

- appropriating the corporate opportunities of GCE and GC Holdings for the benefit of themselves or of their companies including, without limitation, UB Coal.

The Court determined that the Plaintiffs could bring the fiduciary duty and statutory claims directly to the extent that they were based on the following acts:

- failing and refusing to distribute dividends to shareholders; and

- failing and refusing to disclose material facts concerning the operations of GCE and GC Holdings.

**II.     ANALYSIS OF MOTION TO AMEND.**

The Plaintiffs now seek to amend their Complaint. They assert that the most significant amendment to the Complaint is the reassertion of the dismissed breach of fiduciary duty claims as derivative claims. (DE 62, Reply at 3).

Defendants GCE, GC Holdings, UB Coal, and the Groundses respond (DE 59) that the motion to amend should be denied to the extent that the Plaintiffs are seeking to bring a class action under Federal Rule of Civil Procedure 23. In their Reply, the Plaintiffs make clear that they do not seek to bring a class action under Rule 23 but are instead seeking to bring derivative claims under Rule 23.1 in compliance with this Court's opinion on the motions to dismiss.

Defendant Chad Jensen (DE 60) responds that the Plaintiffs cannot establish that Jensen owes them a fiduciary duty or that they conferred a benefit upon him as required for an unjust enrichment claim. Thus, Jensen argues, the proposed amendment to add these claims against him should be denied as futile.

The Court may deny leave to amend a complaint under Rule 15(a) if the proposed amendment is futile. *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003. A proposed amendment to a complaint is futile if it would not survive a Rule12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Miller v. Calhoun County, Michigan*, 408 F.3d 803, 817 (6th Cir.2005).

As for the breach of fiduciary duty claims, Chad Jensen asserts that, according to the Plaintiffs, he is an officer or director of UB Coal but that the Plaintiffs are not UB Coal shareholders.

Thus, he argues, he cannot be held to owe a fiduciary duty to the Plaintiffs.

The Plaintiffs, however, assert that the officers and directors of a parent corporation owe a fiduciary duty to the minority shareholders of its subsidiaries. Thus, the Plaintiffs argue that Jensen, as an officer of UB Coal (the parent), owes a fiduciary duty to the Plaintiffs as minority shareholders of GCE or GC Holdings (the subsidiaries).

Whether officers and directors of a parent corporation owe a fiduciary duty to the subsidiary's minority shareholders has not been sufficiently briefed by the parties. In support of their argument, the Plaintiffs cite two Delaware cases. Jensen cites none. The Court cannot say based on the record before it that a breach of fiduciary duty claim against Chad Jensen as an officer of UB Coal would not survive a motion to dismiss.

Thus, the Court will grant the Plaintiffs' motion to amend to the extent it seeks to add a derivative claim of breach of fiduciary duty against Chad Jensen as an officer or director of UB Coal. Jensen may of course move to dismiss the breach of fiduciary duty claims against him specifically stating which state law applies and citing adequate legal authority to support his argument that the officers and directors of a parent corporation owe no fiduciary duty to the minority shareholders of the subsidiary.

In their tendered Amended Complaint, the Plaintiffs also reassert an unjust enrichment claim against Chad Jensen and Mark Jensen. This Court previously dismissed those claims because the Plaintiffs did not allege that they conferred any benefit upon either Chad or Mark Jensen. In their Amended Complaint, the Plaintiffs reassert the claim but still fail to assert that they conferred any benefit upon Chad or Mark Jensen. The Plaintiffs argue that their unjust enrichment claim against the Jensens is viable because the Plaintiffs allege that they paid money to GCE and because they

further allege that the Jensens received money from GCE that should have been paid to the Plaintiffs as dividends.

At best, the Plaintiffs allege that they conferred a benefit upon GCE who then inappropriately paid money to the Jensens. The Plaintiffs do not allege that they themselves conferred any benefit upon the Jensens. Accordingly, the Court will not permit them to amend their Complaint to assert unjust enrichment claims against the Jensens as any such amendment would be futile.

**III.   CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1) The Plaintiffs' Motion for Leave to File First Amended Complaint (DE 58) is GRANTED in part and DENIED in part as follows:

    a) the motion is DENIED as to the unjust enrichment claim asserted against Chad and Mark Jensen; and

    b) the motion is otherwise GRANTED;

2) The Plaintiffs SHALL FILE within 10 days of this Opinion and Order an Amended Complaint which omits the unjust enrichment claim against Chad and Mark Jensen contained in the tendered Amended Complaint and which otherwise conforms to this Opinion and Order; and

3) T-Squared Partners, LLC is DISMISSED as a Defendant in this action.

Dated this 26th day of October, 2010.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**