UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:08-cv-186

2815 GRAND REALTY CORP., et al.,                                    PLAINTIFFS,

v.                          **OPINION AND ORDER**

GOOSE CREEK ENERGY, INC., et al.,                                 DEFENDANTS,

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Contempt Order and Sanctions against Defendant Tracy Grounds for Failure to Appear at her Deposition (DE 92). The Court will deny the motion for a contempt order but will grant the motion for sanctions.

On November 19, 2010, the Plaintiffs filed a notice of deposition of Defendant Tracy Grounds (DE 70). The notice provided that the deposition would take place on December 22, 2010. The notice was served on Grounds' former counsel, Stites & Harbison, PLLC. On December 14, 2010, the Court granted Stites & Harbison's motion to withdraw as the Defendants' counsel. On December 20, 2010, attorney Warren N. Scoville entered his appearance as counsel of record for several of the Defendants including Tracy Grounds.

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that sanctions are permitted where "a party. . .fails, after being served with proper notice. to appear for that person's deposition." Sanctions are warranted in this case. There is no dispute that Tracy Grounds did not appear for the December 22, 2010 deposition. In response to the Motion for Contempt Order and Sanctions, Grounds' current counsel states that Grounds' failure to appear was due to a miscommunication apparently between Grounds' current and former counsel.

However, Grounds' deposition was noticed in the record and there was no motion to set that aside nor any other indication in the record that the deposition would not occur as scheduled. Further, neither Grounds nor her counsel assert that they attempted in any manner to reschedule Grounds' deposition or to inform Plaintiffs' counsel that Grounds would not appear for the deposition as noticed in the record.

Thus, Plaintiff's counsel prepared for the deposition as scheduled and retained a court reporter and a videographer. Someone will have to pay for these costs and fees and it should not be the Plaintiff whose counsel appropriately prepared for a noticed deposition. The Court will therefore assess these costs and fees against the Defendant Tracy Grounds.

Accordingly, the Court hereby ORDERS as follows:

1) The Plaintiff's Motion for Contempt Order and Sanctions against Defendant Tracy Grounds for Failure to Appear at Deposition (DE 92) is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that the Plaintiff requests that sanctions be imposed on Tracy Grounds for failure to appear at her deposition and the motion is otherwise DENIED;

2) Tracy Grounds SHALL pay the reasonable attorney's fees charged by Plaintiffs' counsel for preparing for the deposition and the costs of retaining the court reporter and videographer;

3) Within 10 days of the entry date of this Opinion and Order, Plaintiffs' counsel shall file in the record evidence of the costs and fees described above;

4) the Defendant Tracy Grounds may file a response to the Plaintiffs' submission of evidence. However, any such response MUST be filed within 5 days of the

Defendant's receipt of the Plaintiffs' submission;

5) the Plaintiffs' Motion to Compel (DE 74) and the motion by various Defendants for an extension of time to respond to it (DE 90) are DENIED as moot, the Court having established at the recent status conference in this matter a schedule for responding to pending discovery requests; and

6) Mark Jensen is DISMISSED as a defendant in this matter, the Court having by prior opinions dismissed all claims against him.

Dated this 13th day of January, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge