UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION

| | | |
|---|---|---|
| 2815 GRAND REALTY CORP | ) | |
| WILTSHIRE REALTY CORP, and | ) | Civ. Action No. 7:08-cv-186-KKC |
| JOHN PRIMSKY | ) | |
| | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| GOOSE CREEK ENERGY, INC., et al. | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

REPLY OF DEFENDANTS TO THE RESPONSE OF PLAINTIFFS
TO DEFENDANTS MOTION TO DISMISS

Defendants, Goose Creek Energy, Inc. ("GCE"), Goose Creek Holdings, Inc. ("GCH"), Uriah Bement Coal, Inc. ("UBC"), John Grounds, and Tracy Grounds, by counsel, and for their reply the response of the plaintiff's response to the named defendants Motion to Dismiss state as follows:

First, and foremost, the defendants never intended nor ever believed that plaintiff's counsel or a member/agent of plaintiff's counsel's office violated the stipulated protective order. In an effort to resolve any confusion the named defendants immediately filed an amended motion to clarify the defendants position. Therefore, considering that matter resolved, the named defendants will not address section II of the plaintiff's argument in their response.

It is clear that the plaintiff's, and not their counsel, have contacted vendors, business associates, shareholders, etc. since this case began and since the protective order was entered for the sole purpose of mud throwing. The motion by the defendants was made in good faith and

there is no hidden agenda behind the defendants motion.  The defendants have pending discovery objections and motions and they are not attempting to hide that fact.  Since January 1, 2011 the named defendants have answered eight (8) separate sets of discovery requests, produced bank records for over twenty one (21) separate bank accounts, provided hundreds of emails, and countless other documents.  The available tax returns of Mr. and Mrs. Grounds have been provided and the corporate tax returns are not available since they have never been filed!  The plaintiffs complain that they have received many of the same documents in duplicate, however some documents are responsive to more than one (1) question posed by the plaintiffs or is the only document that exists relative to the repeated question.

  The contact with persons prior to the entry of the protective order, as stated by the named defendants, was not a violation.  However, the failure to require those persons to execute the Agreement attached to the protective order and make the defendants aware in writing was the violation.  The reports by Dean Dorton and Ford contain highly sensitive information and should not be shared or disseminated.  The undersigned had understood that these reports had been designated as confidential prior to the undersigned's entry of appearance.  If that understanding is misplaced it was an innocent mistake of counsel who is trying to catch up in a two and a half (2 ½)  year old case.  However, at the very least the plaintiff's, and not their counsel, have violated the spirit of the protective order.

  Simply put, the defendants have the right to conduct business and earn a living while this case transpires.  The nature of the defendants business relies heavily upon their relations with vendors, business associates, shareholders, etc.  The clear goal of the plaintiffs, and not their counsel, is to end the defendants ability to conduct any business now or in the future - this juvenile behavior must end.

Should the Court not be inclined to grant the defendants motion to dismiss the defendants have filed a motion and amended motion to expand the terms of the protective order that may serve as a workable alternative to this dilemma. The Defendants are not trying to divert the Court's attention, frankly the Court is too savvy for such tactics, they are not trying to avoid or hide this discovery and they are not trying immunize or spin anything. The named defendants would like the opportunity to prove themselves and produce this discovery free from the fears that the plaintiff's will ruin their livelihoods.

For the above stated reasons the defendants respectfully request an Order in conformity therewith.

/s/ WARREN N. SCOVILLE
HON. WARREN N. SCOVILLE
The Scoville Firm, PLLC
105 North Main Street
London, Kentucky 40741
PH:   (606) 878-6400
FAX: (606) 878-9486
warren@scovillelaw.com
ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

On February 24, 2011, the foregoing was filed through the Court's ECF system, with a copy to:

Mason L. Miller
mmiller@millerwells.com

Hon. Steve Amato
samato@mmlk.com


  /s/ Warren N. Scoville
ATTORNEY FOR DEFENDANTS