UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-186-KKC

2815 GRAND REALTY CORP., PLAINTIFFS,
WILTSHIRE REALTY CORP., and
JOHN PRIMSKY,

V. **MAGISTRATE JUDGE'S REPORT
& RECOMMENDATION**

GOOSE CREEK ENERGY, INC.,
GOOSE CREEK ENERGY HOLDINGS, INC.,
URIAH BEMENT COAL, INC.,
JOHN GROUNDS, TRACY GROUNDS,
MARK JENSEN, and CHAD JENSEN, DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*

I. BACKGROUND

This matter is before the Court on the Defendants' Motion to Dismiss [R. 112] and Amended Motion to Dismiss. [R. 114]. These motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for preparation of a Report and Recommendation. [R. 126]. For the reasons discussed below, it is recommended that the Defendants' motions [Rs. 112, 114] be denied.

On February 17, 2011, the Defendants filed their first motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). [R. 112]. As grounds for this motion, they assert that the Plaintiffs have "blatantly and continually violated the terms of the Stipulated Protective Order" entered in this matter. [Id. at 1]. The Plaintiffs filed a response that same day, arguing, *inter alia*, that Plaintiffs and their counsel did not violate the Protective Order. [R. 113]. In a footnote, Plaintiffs' counsel also threatened to file a motion for sanctions against Defense counsel in retaliation for publicly accusing

him of violating a Court Order without any evidence to support the allegation. [Id. at 5, n. 1]. The Defendants subsequently filed an amended motion, withdrawing their accusation that Plaintiffs' counsel had personally violated the protective order by contacting vendors of one of John Grounds' non-defendant corporations. [R. 114 at 3]. The Defendants filed a reply to the Plaintiffs' response on March 3, 2011, [R. 119] and the amended motion is now ripe for a recommendation.

## II. THE AMENDED MOTION TO DISMISS

In their amended motion, the Defendants allege that the Plaintiffs violated the Stipulated Protective Order [R. 54] on at least four occasions. These alleged violations are outlined below:

Violation #1:   Prior to entry of the protective order, Plaintiff John Primsky contacted certain individuals to discuss this litigation solely to for the purpose of discrediting and vilifying the Defendants. Plaintiffs failed to disclose these contacts and failed to have the individuals execute an "Acknowledgment" once the protective order was entered;

Violation #2:   Accounting reports produced by the Defendants during discovery were provided by the Plaintiffs to third parties in violation of the protective order;

Violation #3:   Plaintiff John Primsky sent messages to shareholders of Defendant Uriah Bement Coal ("UBH") via "facebook" in violation of the protective order; and

Violation #4:   Plaintiffs contacted vendors of one of Defendant John Grounds' non-defendant corporations in violation of the protective order.

The Court will recommend denying the motion to dismiss because the Defendants' allegations are unsubstantiated and lack merit.

## III. ANALYSIS

The Defendants request relief pursuant to Fed. R. Civ. Proc. 41(b), which states that "[i]f the Plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Sixth Circuit "has stated that dismissal of an action

2

is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993). A court should consider four factors when determining whether to dismiss a case pursuant to Rule 41(b) or 37(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." U.S. v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (citing Knoll v. Am. Tel. & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999)). It is unnecessary to analyze the Defendants' claims under these factors, however, because they have failed to demonstrate that the Plaintiffs have violated an order of the Court.

Turning to the first alleged violation, the Defendants' do not argue that Plaintiffs violated the protective order by contacting third parties, but rather, that it was violated when they failed to have those third parties sign an "Agreement" after the fact. [R. 119 at 2]. In subsection 7.2(b), the protective order states that "[a]ny individual to whom disclosure is to be made ... shall sign, *prior to such disclosure*, a copy of the 'Acknowledgment and Agreement to be Bound by Protective Order' ... ." [R. 54 at 8] (emphasis added). The Defendants' argument fails for two reasons. First, the alleged disclosures to third parties took place *prior* to the protective order being entered in this matter. The terms of the protective order require the agreement to be signed prior to a disclosure. There is no requirement that the agreement be signed with respect to disclosures made before the protective order was in place. Second, the Plaintiffs argue, and the Defendants do not dispute, that the contact made with third parties prior to entry of the protective order did not include "Protected Material". By its terms, the protective order only applies to "Protected Material", and the

3

Defendants have not alleged, much less proven, that such material was disclosed to third parties. [Id. at 3].

The Defendants next contend that Plaintiffs violated the protective order by disclosing reports from the accounting firm Dean, Dorton and Ford to investors. These reports were produced during discovery in compliance with a subpoena *duces tecum*, and Plaintiff John Primsky is alleged to have provided them to an investor, Dr. Robert Rohm, in an attempt to besmirch the Defendants. Even if true, the Defendants have failed to demonstrate that such a disclosure violated the protective order. In order to be protected material, documents produced must be deemed and labeled "CONFIDENTIAL" by the producing party. [R. 54 at 4]. The Plaintiffs argue that the accounting reports were never designated confidential and marked as such. Defendants' counsel does not dispute this, but rather argues that Plaintiffs violated the "spirit" of the protective order by disclosing the accounting reports. [R. 119 at 2]. The terms of the stipulated protective order were agreed to by both parties. To have any claim for relief, the Defendants must show an *actual* violation of the protective order. They have failed to do so, and unsubstantiated allegations that Plaintiffs violated the "spirit" of the order are insufficient.

The third alleged violation occurred when Plaintiff John Primsky sent a message to a shareholder of Defendant UBH via "facebook". Unlike the previous two alleged violations, Defendants have provide some evidence to support their claim. [R. 114, Attach. 1]. The entirety of the "facebook" message from Primsky reads as follows:

> Hi Fred, interesting few years-what are you doing now that Casey's been terminated and Grounds is heading to a Federal court date for fraud, etc? Best, John

[Id.]. It is unclear to the Court how this communication could be read to violate the protective order. First, the protective order does not prohibit all contact with third parties, only contact that would

4

disclose protected materials. Second, this communication contains no information that was designated protected or confidential by the parties. Accordingly, there is no violation of the protective order.

Finally, Defendants allege that someone other than Plaintiffs' counsel contacted a vendor of one of John Grounds' non-defendant corporations.[1] In support of the allegation, Defendants attach a letter from the vendor to John Grounds. [R. 114, Attach. 2]. The letter states that the vendor received a call from someone they believed to be "a plaintiff attorney on a fishing expedition." [Id.]. Defendants have failed to identify the person that allegedly contacted this vendor. They have also failed to identify the subject matter of the communication and whether it was protected or confidential within the meaning of the protective order. The Court finds that Defendants have failed to show a violation of the protective order.

## IV. CONCLUSION

For the reasons stated herein, it is RECOMMENDED that the Defendants' Motion to Dismiss [R. 112] and Amended Motion to Dismiss [R. 114] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another

---

[1] Defendants' initially alleged that Plaintiffs' counsel had contacted these vendors, but later amended their motion to state that they "do not believe that any of the plaintiff's counsel had any part [in] any wrongdoing."

party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Signed April 4, 2011.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge